IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **RODNEY LOMAX,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Civil Action File |
| v. | ) | No. _____ |
| | ) | |
| **XERIOM, INC.,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Rodney Lomax (hereinafter "Mr. Lomax"), Plaintiff in the above-styled matter, by and through undersigned counsel, and hereby files this lawsuit against Xeriom, Inc. (hereinafter "Xeriom"), showing as follows:

### Jurisdiction and Venue

1.

Mr. Lomax brings this action against Xeriom for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216 ("FLSA"), which authorizes employees to institute civil actions in Court to recover damages for an employer's failure to pay overtime wages as required by the FLSA.

2.

This Court has jurisdiction over Mr. Lomax's federal claims pursuant to 28 U.S.C. § 1331, in that this is an action arising under the laws of the United States.

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) in that all of the events giving rise to this cause of action occurred within the Northern District of Georgia, Atlanta Division.

### The Parties

4.

Mr. Lomax resides in Marietta, Georgia (within this District) and is a citizen of the United States. At all relevant times, worked for Xeriom in the Northern District of Georgia, Atlanta Division.

5.

Xeriom is an Arizona Corporation with its principal office located at 2040 S Alma School Road, Suite 1, Chandler Arizona 85286. Xeriom regularly does business in the State of Georgia and may be served through its registered agent, Will Calvert, 5995 Windward Parkway, Alpharetta, Georgia 30005.

6.

Xeriom is an enterprise engaged in commerce or in the produced of goods for commerce as defined by § 203(s) of the FLSA.

7.

Xeriom is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

8.

At all relevant times, Mr. Lomax was an "employee" of Xeriom within the meaning of FLSA, 29 U.S.C. § 203(e)(1).

9.

At all relevant times, Mr. Lomax was a non-exempt employee entitled to overtime compensation within the meaning of FLSA, 29 U.S.C. §§ 207 and 216(b).

10.

The overtime provisions set forth in § 207 of the FLSA apply to Xeriom.

**The Facts**

11.

From late December 2013 through March 2014, Mr. Lomax was employed by Xeriom.

12.

At all times relevant hereto, Xeriom agreed to pay Mr. Lomax at the rate of $20.00 per hour.

13.

At all relevant times, Mr. Lomax was a non-exempt employee for purposes of overtime compensation. As such, Xeriom was obligated to pay Mr. Lomax one and one-half times his hourly rate for all hours worked in excess of forty (40) hours per week.

14.

Throughout his employment with Xeriom, Mr. Lomax frequently worked in excess of forty (40) hours per week.

15.

Xeriom failed to properly compensate Mr. Lomax for all overtime hours worked.

16.

Xeriom did not make a good faith effort to comply with the FLSA with respect to its compensation of Mr. Lomax.

17.

Before filing this Suit, Mr. Lomax tried to resolve these claims with Xeriom. Mr. Lomax, through counsel, sent a letter seeking to resolve the matter without litigation. Xeriom acknowledged receipt of the letter, through counsel, but refused to pay Mr. Lomax the unpaid compensation due him.

18.

Mr. Lomax retained undersigned counsel to represent him in this action and has incurred costs and reasonable attorneys' fees.

19.

As a result of the foregoing, Mr. Lomax files this suit, seeking earned but unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

**Count I: Violations of FLSA, 29 U.S.C. § 207: Failure to Pay Overtime**

20.

Mr. Lomax incorporates Paragraphs 1 through 19 of this Complaint, as if set forth fully herein.

21.

Xeriom failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA, with respect to Mr. Lomax.

22.

By failing to properly pay Mr. Lomax for all hours worked in excess of forty (40) hours per week, Xeriom violated the overtime provisions of the FLSA, 29 U.S.C. § 207.

23.

Xeriom is liable to Mr. Lomax for compensation for any and all time Mr. Lomax worked in excess of forty (40) hours per week at the rate of at least one and one-half times his regularly hourly rate as required by the FLSA.

24.

By failing to properly pay overtime compensation to Mr. Lomax in accordance with §§ 203 and 207 of the FLSA, Xeriom willfully, intentionally, knowingly, and/or recklessly violated the FLSA.

25.

As a result of Xeriom's violations of the FLSA, Mr. Lomax is entitled to damages, including, without limitation, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to the FLSA, 29 U.S.C. § 216.

## Prayer

WHEREFORE, Mr. Lomax prays for the following relief:

(a) That Xeriom be served with process and be required to answer this lawsuit;

(b) For a trial by a jury;

(c) For a Judgment in favor of Mr. Lomax and against Xeriom for overtime pay, minimum wage, other unpaid compensation, pre-judgment interest, and liquidated damages;

(d) For an award of litigation expenses and costs, including attorneys' fees; and

(e) For such other and further relief as this Court deems just and proper.

Respectfully submitted this 15th day of April, 2014.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*

LOUIS R. COHAN
Georgia Bar No. 173357
*Attorneys for Plaintiff*

3340 Peachtree Road, NE, Suite 580
Atlanta, Georgia 30326
(404) 891-1770
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com