IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **RODNEY LOMAX,** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO. |
| | : | 1:14-CV-1114-AJB |
| v. | : | |
| | : | |
| **XERIOM, INC.,** | : | |
| | : | |
| Defendant. | : | |

**ORDER APPROVING SETTLEMENT AGREEMENT
AND DISMISSING CASE WITH PREJUDICE[1]**

This case involves claims asserted under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq*., which authorizes employees to institute civil actions for recovery of damages for an employer's failure to pay overtime wages as required by the FLSA. [Doc. 1 ¶¶ 1, 22 (citing 29 U.S.C. §§ 207, 216)]. Specifically, on April 15, 2014, Plaintiff Rodney Lomax brought this action against Defendant Xeriom, Inc., claiming that he had been employed by Defendant from late December 2013 through March 2014; Defendant had agreed to pay him at the rate of $20.00 per hour; at all relevant times, Plaintiff was a non-exempt employee for

---

[1] The parties have consented to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. [*See* Docs. 10, 11]. Therefore, this Order constitutes a final Order of the Court.

AO 72A
(Rev.8/82)

purposes of overtime compensation; Plaintiff frequently worked in excess of forty hours per week; and Defendant failed to properly compensate him for all overtime hours worked. [Doc. 1 ¶¶ 11-15, 20-24]. Plaintiff demanded unpaid overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to the FLSA. [*Id.* ¶ 25]. On May 20, 2014, Defendant filed its answer to the complaint, denying that Plaintiff was its employee or was entitled to any overtime compensation and further denying all allegations of wrongdoing of liability. [Doc. 5].

The matter is presently before the Court upon the parties' Joint Motion for Approval of Settlement and Dismissal With Prejudice for approval of their compromise and settlement of this action ("Joint Motion"). [Doc. 30]. There are two ways in which claims raised under the FLSA may be settled and released by employees. First, 29 U.S.C. § 216(c) allows employees to settle and waive their claims under the FLSA if the employer makes full payment of back wages to the employee under the supervision of the Secretary of Labor. *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, where, as here, an alleged employee asserts claims against an alleged employer in a private lawsuit for back wages under 29 U.S.C. § 216(b), the plaintiff may settle and release the FLSA claims if the parties present the district court with a proposed settlement and the district court enters

2

a stipulated judgment after scrutinizing the settlement for fairness.  *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

Court approval of an FLSA in the litigation context relies heavily on the adversarial nature of the litigation:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.  But to approve an "agreement" between an employer and employees outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter and spirit of the FLSA.

*Id.* at 1354 (footnote omitted).

The Court has reviewed the parties' Joint Motion and the Confidential Settlement Agreement submitted directly to chambers in hard copy.  The Court is further aware of formal discovery efforts.  [*See, e.g.,* Docs. 13-18, 21-29].  The Court is of the opinion that there is a bona fide dispute over application of the relevant provisions of the FLSA: specifically, the proper classification of Plaintiff as an "employee" of Defendant and

3

the proper classification of Plaintiff as exempt from the overtime provisions of the FLSA. In light of these legitimate disputes, the Court is of the opinion that the parties' Confidential Settlement Agreement reflects a fair and reasonable solution of these bona fide disputes. Moreover, the Court finds that the amount of the settlement is fair, given the allegations in the complaint as to the agreed-upon wage and the period of employment.[2]

Consequently, it is hereby **ORDERED** that:

The Court **GRANTS** the parties' Joint Motion for Approval of Settlement and Dismissal With Prejudice. [Doc. 30].

The Court **APPROVES** the form of the Confidential Settlement Agreement and **DIRECTS** that the Confidential Settlement Agreement be retained under seal to protect the parties' confidentiality concerns.

The Court **APPROVES** the monetary distribution as to Plaintiff and Plaintiff's counsel as described in the Confidential Settlement Agreement and **ORDERS** Defendant to make payments accordingly.

---

[2] The Court acknowledges that this Order is a judicial approval of a reasonable compromise, not a finding, conclusion, or reflection of any admission of a violation of the FLSA, willful, intentional, or otherwise.

AO 72A
(Rev.8/82)

The Court **RETAINS JURISDICTION** over this matter for the purposes of enforcing the terms of the Confidential Settlement Agreement.

The matter is hereby **DISMISSED WITH PREJUDICE**.  The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED and DIRECTED**, this the 8th day of December, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)